**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNETTE SZALEY, | No. 09-15809 |
| Plaintiff - Appellant, | D.C. No. CV 04-00715-JMR |
| v. | |
| PIMA COUNTY, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Argued and Submitted March 10, 2010
San Francisco, California

Before: FERNANDEZ, GRABER, and McKEOWN, Circuit Judges.

Plaintiff Annette Szaley appeals the district court's grant of summary

judgment in favor of Defendant Pima County under Title VII and the Equal Pay

Act of 1963. We review de novo, Dietrich v. John Ascuaga's Nugget, 548 F.3d

892, 896 (9th Cir. 2008), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The district court permissibly deemed Defendant's statement of facts to be true because Plaintiff failed to comply with Local Rule 56.1(b). See Local Rule 56.1(b) (requiring that the non-moving party file a statement of facts that, paragraph by paragraph, states whether it disputes each paragraph of the moving party's statement of facts).

2. Summary judgment was proper on both the Equal Pay Act claim and the Title VII claim because the work of the proposed comparator, James Casanova, was not substantially equal to Plaintiff's work. See Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1074 (9th Cir. 1999) (holding that, to establish a prima facie Equal Pay Act claim, the plaintiff must show that the jobs being compared are "substantially equal"); see also Forsberg v. Pac. Nw. Bell Tel. Co., 840 F.2d 1409, 1414 (9th Cir. 1988) (holding that a plaintiff who cannot establish an Equal Pay Act claim likewise cannot establish a pay-based Title VII claim). Among other factors, Casanova performed many duties that Plaintiff did not, including training and recruiting, and the hospital changed from an ongoing enterprise with approximately 700 employees during Casanova's tenure to a winding-down enterprise with approximately 300 employees during Plaintiff's tenure.

3. Summary judgment was proper on Plaintiff's retaliation claim because, on the facts deemed true, Plaintiff did not complain of discrimination when she

2

requested a higher salary, and she did not suffer an adverse employment action. See Wrighten v. Metro. Hosps., Inc., 726 F.2d 1346, 1354 (9th Cir. 1984) (holding that a plaintiff bringing a retaliation claim under Title VII must establish a prima facie case of retaliation by showing that she engaged in a protected activity, that she was subjected to an adverse employment action by her employer, and that there was a causal link between the two). Further, even if Plaintiff had made out a prima facie case, Defendant established legitimate reasons for its actions, and the record does not permit an inference of pretext. See id. (holding that, if the plaintiff makes a prima facie case, the defendant employer must then articulate some legitimate, nonretaliatory reason for the adverse action, and the employee must then have a fair opportunity to show pretext, that is, that a discriminatory intent motivated the employer's action).

AFFIRMED.